UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANTHONY MENDOZA,                        :
                         Petitioner,    :
                                        :    10 Civ. 5860 (DLC)
              -v-                       :
                                        :    MEMORANDUM OPINION
THOMAS LaVALLEY, Superintendent,        :        AND ORDER
                                        :
                         Respondent.    :
                                        :
----------------------------------------X

APPEARANCES:

For petitioner:

Anthony Mendoza, pro se
#07A3888
Clinton Corr. Facility 1156
Rte. 374
P.O. Box 2000
Dannemora, NY 12929-2000

For respondent:

Lisa E. Fleischmann
New York State Office of the Attorney General
120 Broadway
New York, NY 10271


DENISE COTE, District Judge:

     Anthony Mendoza ("Mendoza") brings this timely filed pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254, challenging his adjudication and sentencing as a

persistent violent felony offender in New York State Supreme

Court as a violation of his Fourteenth Amendment right to due

process and his Sixth Amendment right to a jury trial.  The

petition was referred to the Honorable James C. Francis IV for a report and recommendation (the "Report") on August 23, 2010.

Mendoza subsequently moved to amend his petition to include claims on April 25, 2011.  The Report was filed on August 11, and recommends that Mendoza's motion to amend be denied, and that the petition be denied.  By letter dated August 19, Mendoza requested an extension of time in which to file objections to the Report.  On September 9, the Court granted an extension until October 25.  No objections have been received.  For the following reasons, the Report is adopted, and Mendoza's motion to amend and his petition are denied.

Background

The facts relevant to the petition are set out in the Report and summarized here.  Mendoza attempted or committed three robberies at knifepoint in Manhattan subway stations in June 2006.  On June 12 and 14, Mendoza attempted to rob victims at knifepoint in the Spring Street subway station.  On June 22, he robbed Lucy Fondren ("Fondren") at knifepoint as she was exiting the 86th Street station.  Officers tracked Mendoza to Central Park, where he was arrested in possession of items he had taken from Fondren.

In July 2006, Mendoza was indicted and charged with three counts of robbery in the first degree, N.Y. Penal L.

§ 160.15(3); and one count of robbery in the second degree, N.Y. Penal L. § 160.10(2)(a).  On May 15, 2007, a jury convicted Mendoza of one count of robbery in the first degree and one count of robbery in the second degree.  These charges related to the Fondren robbery.

Justice Bruce Allen of New York State Supreme Court sentenced Mendoza on June 27, 2007.  At sentencing, Mendoza pled guilty to the remaining robbery counts.  He also admitted that he was convicted of robbery in the first degree in 1993 and robbery in the first and second degrees in 1985.  Justice Allen adjudged Mendoza a persisted violent felony offender.  N.Y. Penal L. § 70.08.  Mendoza received an aggregate sentence of twenty years to life, consistent with New York's persistent violent felony offender statute.

The Appellate Division, First Department, affirmed Mendoza's conviction on February 5, 2009.  People v. Mendoza, 59 A.D.3d 182, 873 N.Y.S.2d 535 (1st Dep't 2009).  On May 21, 2009, the New York Court of Appeals denied leave to appeal.

Mendoza filed a habeas corpus petition under 28 U.S.C. § 2254 on April 27, 2010.  Mendoza's petition argued that his sentencing as a persistent violent felony offender violated his Sixth Amendment right to trial by jury, as interpreted by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Mendoza moved on April 25, 2011, to amend his complaint to incorporate as additional claims that his guilt had not been proven beyond a reasonable doubt, and that his conviction was against the weight of the evidence.  The respondent opposed petitioner's attempt to amend and argued that petitioner's new claims were time-barred because the habeas limitations period had expired on August 19, 2010.

Discussion

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct.27, 2011) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review § 2254 petitions where the state court has reached the merits of the federal claim.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

I.  Denial of Leave to Amend

On April 25, 2011, Mendoza sought leave to amend his petition.  The one-year statute of limitations for Mendoza's habeas petition expired on August 19, 2010.

Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired.  Ching v. United States, 298 F.3d 174, 181 (2d Cir. 2002).  Under Rule 15(c), an amendment is timely if it "relates back" to the original habeas motion.  Id.  "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005).  Amended claims and original claims must be "tied to a common core of operative fact" for relation back to be in order.  Id. at 664.

The Report correctly found that the claims Mendoza sought leave to add to his petition did not relate back to his original habeas petition.   Mendoza's habeas petition challenged solely his sentencing as a persistent violent felony offender.   By contrast, both of the claims Mendoza seeks to add address his trial and conviction, but not his sentencing.   They do not relate back to Mendoza's original petition and are time-barred.

II.  The Apprendi Claim

In his petition, Mendoza claims that his sentence as a persistent violent felon violated the U.S. Constitution, as described in Apprendi, 530 U.S. 466.   This claim fails.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."   Id. at 490; see also Almandarez-Torres v. United States, 523 U.S. 224, 247 (1998) (affirming constitutionality of the use of recidivism as a judicially determined "sentencing factor" authorizing an enhanced sentence).   The Court of Appeals for the Second Circuit has determined that New York's persistent violent felony offender sentencing scheme, N.Y. Penal L. § 70.10, is constitutional and consistent with Apprendi.   Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010) (en banc).

The Report correctly recommends that Mendoza's claim relating to his sentencing as a persistent violent felony offender be denied.  After Mendoza's conviction, the only facts found by the sentencing justice were Mendoza's prior convictions.  This is consistent with the operation of the persistent violent felony offender statute found constitutional in Portalatin, and therefore constitutional under Apprendi.  As noted in the Report, Mendoza did not challenge the constitutionality of the prior convictions, even after being given the opportunity to do so at sentencing.  The Report's recommendation that Mendoza's Apprendi claim be dismissed is adopted.

Conclusion

The petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Mendoza has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  Furthermore, Mendoza did not submit objections to the Report.  This precludes appellate review as to any of the grounds for

7

dismissal.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d

Cir. 2008).  The Clerk of Court shall dismiss this petition and

close the case.

SO ORDERED:

Dated:    New York, New York
          December 29, 2011

                              _____
                              DENISE COTE
                              United States District Judge

COPIES SENT TO:

Anthony Mendoza
07-A-3888
Clinton Correctional Facility
Rte. 374
P.O. Box 2001
Dannemora, NY 12929

Lisa Fleischmann, Esq.
Assistant Attorney General
120 Broadway
New York, NY 10271-0332